SUFFOLK BANK *v.* JOSEPH KIDDER ET AL.

*(In error.)*

An act of the legislature of Massachusetts, provided that usury reserved in a contract should not render the contract void, but that the defendant might, by plea, set forth the usury, and, if proved, bar the plaintiff from a recovery, except for the balance of his demand after deducting tripple the amount of the whole interest reserved, and that the defendant should recover his costs. In an action, brought in the courts of this state, upon a contract made in Massachusetts, it was held, that this statute related to the remedy, and could have no operation in this state, and that a plea, founded upon this statute, could not avail the party, and was insufficient as a partial bar of the action.

THIS was a writ of errror, brought to reverse a judgment of the county court. The plaintiffs in error were indorsees of a note executed by the defendants in error, at Boston, on the 27th day of October, 1836, for $5,500, payable to George F. Kidder or order, at the Suffolk Bank, in six months from date, without discount or defalcation, and, as such in-

dorsees, brought a suit in the county court against the defendants in error, declaring upon said note, and also in general counts for money had and received, and goods sold and delivered.

The defendant pleaded the general issue, and the following special plea, viz.:

"And for further plea in this behalf, by leave of the court here first had and obtained, the defendants say that the plaintiffs, from having and maintaining their aforesaid action, so far as it relates to the cost in the said action, and three times the amount of the whole interest reserved in the note mentioned in the first count of the plaintiff's declaration, ought to be barred, for that by a certain statute law of the said state of Massachusetts, when said note was made, executed and delivered, it is enacted by the first section of said statute, that ' the interest of money shall continue to be at the ' rate of six dollars, and no more, upon one hundred dollars, ' for a year, and at the same rate for a greater or less sum, ' and for a longer or shorter time. And by the second sec- ' tion of said statute, it is enacted, 'that no contract or assur- ' ance for the payment of money, with interest at a greater ' rate than is allowed by the preceding section, shall be there- ' by rendered void ; but whenever in any action, brought on ' said contract or assurance, it shall appear upon a special ' plea to that effect, that a greater rate of interest has been . ' directly or indirectly reserved, taken or received, than is al- ' lowed by law, the defendant shall recover his full costs, and ' the plaintiff shall forfeit three fold the amount of the whole ' interest reserved or taken, and shall have judgment for the ' balance, only, which shall remain due after deducting said ' three fold amount,' which said statute law is ready to be shown in court, and was in full force at the time of the execution and delivery of the said note named in the first count in the plaintiff's declaration, and has ever since remained in full force. And the defendants aver, that there was reserved in said note a greater rate of interest than is allowed by law, and that three fold the whole amount of the interest reserved in said note amounts to a large sum, to wit, the sum of two thousand dollars. And this the defendants are ready to verify ; wherefore, they pray judgment that the plaintiffs, from having and maintaining their aforesaid action against them, except as aforesaid, be barred, and for their costs."

Windsor, January 1840.

Suffolk Bank v. Kidder *et al.*

The replication traversed the allegation that there was reserved in said note a greater rate of interest than is allowed by law, and issue was joined to the country.

Upon the final trial, the jury, by their verdict, found, "that the defendants did assume and promise, &c., and that the plaintiffs from having and maintaining their said action ought to be barred, except for the sum of $3,841,55," which verdict the court accepted and rendered a judgment thereon in favor of the plaintiffs.

The errors assigned, were—

1. That the plaintiffs, by the laws of this state, were entitled to recover the whole amount of the note described in their declaration, whereas the county court adjudged and decided that the plaintiffs were barred from recovering any more than $3,841,55, and their costs.

2. That defendants' special plea sets forth a penal statute of Massachusetts which is of no force and effect, in this state, to bar any part of the plaintiffs' claim, and the county court ought so to have decided.

*T. Hutchinson*, for plaintiffs in error, contended that all contracts as to their nature, validity and construction, should be governed by the *lex loci contractus*, but the *lex fori* governs the remedy to enforce the contract. 3 Kent's Com. 48. *Carter* v. *Page*, 8 Vt. R. 149. Story's Conf. of Laws, 203, 468.

In Pennsylvania, an instrument executed with a scroll, instead of wax or a wafer, is binding there as a sealed instrument, but if sued here, though it would bind the parties, the action must be assumpsit and not covenant. *Andrews et al.* v. *Herriot*, 4 Cowen's R. 508.

The plea in bar is bad upon two grounds.

1. The statute pleaded is a penal one, and can have no force out of the state where it was enacted. As a penal statute, it must be construed strictly. It does not make the contract void, but creates a forfeiture and prevents the recovery of three times the whole amount of interest reserved in the contract. A penal statute of another state has no force in this state. 4 Cowen's R. 513, 525. Story's Conf. of Laws, 517, 518.

Foreign criminal laws have no force nor effect beyond the

state which enacts them. *Commonwealth* v. *Green*, 17 Mass.
515. *West Cambridge* v. *Lexington*, 1 Pick. R. 506.

So a discharge of a *person* from his debt in one state,with-
out a discharge of the *debt itself*, is no discharge of his per-
son in any other state. 14 Johns. R. 346. 2 Cowen's R.
626.

So of penal laws to enforce the collection of the revenue.
1 Johns. R. 94. 7 Term. R. 241.

2. The statute, pleaded by the defendants, is not only pe-
nal, but its force is wholly directed against the remedy. It
does not make the contract void, but, in effect, permits the
defendant to plead the usury in offset. By our law, a con-
tract, not void, may be collected to the full amount, and if
the statute in question could be successfully pleaded, the ef-
fect would be, that a statute of another state, relating to the
remedy to enforce a contract, would have greater force here
than our own laws.

By the third section of the statute in question, another re-
medy is given to the defendants to recover the same penalty,
viz., by paying the note and bringing a suit at law or in chan-
cery. This the defendants might do in Massachusetts, but it
will not be contended that it could be done in our courts, un-
der that statute.

By the fourth section of the same statute, the defendants.
may testify upon the trial, (the plaintiff being alive) to pro-
cure the deduction of the forfeiture from the amount of the,
note. See Mass. Stat. p. 307. Could the defendants, in a
suit in our courts, claim the benefit of this provision ? Sure-
ly they could not.

Statutes of limitations have no force out of the state
which enacts them. 4 Cowen's R. 530. 3. Peter's R. 270
The reason is, that they do not affect the contract, but relate
to the remedy.

In *Scoville* v. *Canfield*, 14 Johns. R. 338, which was as-
sumpsit upon a judgment in Connecticut, and also counts for
money had and received and money paid, the defendant
pleaded in bar a statute of Connecticut, making express pro-
visions, that, on certain facts being proved, the plaintiff should
be nonsuited, and averred such facts, and that, at the time of
the transaction, the parties resided in Connecticut, and that

the plaintiff still resided there. To this plea the plaintiff demurred, and the court decided that the plea was insufficient.

*A. Tracy and J. Converse*, for defendants in error.

The statute of Massachusetts, recited in the defendants' plea, is not, as we contend, a penal statute of that character which cannot be enforced in this state.

A penal statute is one which prohibits the doing of a thing under a certain penalty, to be enforced by indictment, or by suit by some public or other specified officer, or a common informer. Those statutes which provide for the recovery of damages by the party aggrieved, either single or cumulative, are not penal statutes of the character contended for by the plaintiffs. Although they may operate as a penalty as to the person guilty, they are nevertheless remedial statutes. Esp. on Penal actions, 8. *Hubbell* v. *Gale*, 3 Vt. R. 266. *Woodgate* v. *Knatchbull*, 2 Term. R. 148. *Middleton* v. *Wynn*, Willes' R. 597. *Ward* v *Snell*, 1 H. Bl. 10. But this statute differs from either class of statutes above named, as it acts not upon the person of him who enters into the contract, and subjects him to no indictment or suit, even by the party aggrieved, but it acts merely upon the contract.

Such a statute is not a penal one. The statute merely qualifies the contract, but does not punish the parties to it, and merely fixes the rights of the parties under the contract. The moment the contract was consummated, the law prescribed the amount which one party was to pay and the other to recover under it. The character of the contract thus established, and the rights of the parties under it, would always attend and qualify it whenever attempted be enforced. Story's Conf. of Laws, p. 197, 201, 203, 243. Pl. 237, 242, 243, 296.

Had the statute of Massachusetts declared the contract wholly void for usury, would any one pretend to say that the contract was not void every where? Idem, p. 198, 199, 63.

If, then, a contract wholly void by the laws of Massachusetts, would be *wholly* void here, what reason can be given why, when the contract is rendered *partially* void, by the laws of Massachusetts, it should not be declared *partially* void, when attempted to be enforced here?

Is the statute declaring void the *whole* contract, a remedial statute, while the one, delaring it partially void, is a *penal* one ? In the former case, there is nothing better settled than that the *lex loci contractus* must govern ; and why not equally so in the latter ? To say that it would not, would, in our view, be absurd. By a similar process of reasoning, might it be said that a statute which inflicts *death* for violation of a law, is not a *penal* law, while one,which inflicts a slight corporeal punishment, *is penal;* or a statute, which imposes the forfeiture of the *whole* of a person's goods and chattels, is *not* penal, while one, which imposes a fine of one dollar, *is* penal.

But, as before seen, where the contract is void by the laws where executed, it is void everywhere. So where, by the *lex loci*, the contract is void in part, it is in the same proportion void every where.

But if the law of Massachusetts does not govern this case, it appears to us conclusive that the law of Vermont, *which rendered the whole contract void*, at the time of making it, must govern. This conclusion appears to us inevitable,otherwise there could be no law applicable to it, and the case would be left so, that whatever amount of interest was agreed upon by the parties,it must be enforced by the court, although it should amount to absolute extortion.

The opinion of the court was delivered by

Bennett, J.—It has long been settled law, that the penal statutes of one state have not the force of law beyond the limits of the state which enacted them ; and it is contended that the statute of Massachusetts, now in question, is of that character. It is sometimes difficult to determine the precise class or division, to which a statute may belong, and the divisions themselves seem sometimes not to be very well marked ; but it is not necessary, in this case, that we should decide to which class of statutes the one now in question belongs.

The second section of the statute, set forth in the plea,enacts, expressly,that no contract containing usury shall be thereby *rendered void*, but provides that whenever any action shall be brought upon such contracts, and it shall ap-

pear, upon a special plea to that effect, that the contract was usurious, the defendant shall recover his own costs, and the plaintiff shall forfeit three times the amount of the whole interest reserved, and shall have judgment for the balance only. Three times the amount of the whole interest is to be deducted from the plaintiff's demand. This statute can have but one construction. It declares that the contract shall not, by means of usury, be rendered *void;* and, in construing and giving effect to a contract, the *lex loci* must govern the rights of the parties ; but the *lex fori* obtains as to the remedy. We must administer justice according to our laws, and agreeably to the forms prescribed by our legislature, or the practice of our courts. We cannot, in respect to the remedy, notice the statutes of the state in which the contract was made. In the provincial government of Lower Canada, they have an act which provides that suits shall be brought, on notes of hand, within five years, or they shall be considered as paid and discharged, if the debtor shall make oath of their payment. In *Carter* v. *Page,* 8 Vt. R. 146, it was held that this statute related to the remedy, and prescribed the mode of proof, and could have no effect in this state. So it is with all statutes of limitation. The legislature of Connecticut passed a law which prohibited attorneys, sheriffs, &c., from purchasing choses in action, and, among other things, provided that the defendant might, when sued, file his motion, stating that he believed the demand was purchased contrary to the provisions of the act, and praying the court to enquire into the truth of the same ; and that if, upon inquiry, it should be so found, the plaintiff should become nonsuit. In *Scoville* v. *Canfield,* 14 Johns. R. 338, this statute was interposed as a defence in a case which arose in Connecticut, both parties, at the time, being citizens of that state, and it was held that it could have no effect in New York. The statute of Massachusetts is not, in its terms, professedly addressed to the courts of other states, and, had it been, it must have been nugatory. It says, " whenever an action shall be brought, &c." This must evidently refer to actions in their own courts. The effect of the statute is to leave the usurious contract in force, but bars the plaintiff from a recovery beyond the balance due, after deducting treble the whole amount of interest reserved in the contract. So far

the statute, upon the proper plea, bars the plaintiff's right, and, is as much a statute relating to the remedy, as one which bars an action after six years.   The statute also gives the defendant his cost.   This part of the statute so clearly relates to the course of proceeding in the courts of Massachusetts, that there has been no attempt to carry it out in this case.

We are the more confirmed in our views of this case from an examination of other sections of this act, which are not brought to view by the pleadings in this case.   By the third section there is a provision that if the whole demand is paid without any deduction, the party paying it may recover back the part forfeited, either in a suit at law, or by bill in chancery ; and, by the fourth section, on the question of usury, both parties may be witnesses.   It is evident, then, from all the provisions of this act, that it was the intent of the legislature of Massachusetts to regulate the course of proceedings in their own courts.   As such, it must be left to have its operation within the jurisdiction of that state, and cannot furnish a rule for the courts of this state.

The judgment of this court, then, must be, that there is error in the record and proceedings of the county court, and the judgment of that court is reversed.