By the Court. Sandford, J.
The only point presented by the case, is on the rejection of the defendants proposed set off. The issue made by the plea of set off, is upon the plaintiff’s indebtedness to the defendant, in respect of the money Staked by the latter in his hands.
It was said the defendant’s bet was not upon any future or contingent event, and was therefore legal. This conclusion is, however, wholly erroneous. The statute against betting and gaming, forbids wagers on any unknown event, and the subject matter of this wager was of that description. By the statute, all such bets are unlawful, and all contracts for or on account of the money or thing bet or staked, are void. (1 R. S. 662, sec. 8.)
Thus, there was no contract, express or implied, touching the money deposited with the plaintiff, and independent of the section of the statute next mentioned, the defendant had no redress against the plaintiff to recover it back, whether it were lost or won. The ninth section provides, that any person who shall pay or deliver any money, &c., on the event of any wager prohibited by the act, may sue for and recover the same of the winner and of the stakeholder.
On this it is claimed that the defendant had a debt or demand against the plaintiff, for which he was at liberty to bring assumpsit, and which he could therefore set off.
We think this position is not sustained. It is not important to consider whether or not assumpsit could have been brought under the statute. But we are entirely clear, that there was no debt due from the plaintiff to the defendant, when this suit was brought. The statute having declared that the wager was unlawful, and every contract respecting it void, the defendant’s sole remedy was by a suit to recover back the money depositedj and this remedy existing only by force of the statute, could be obtained only in the manner which it prescribed. The defendant might sue for it, but there is nothing in the law which will *440 enable him to recover it without suing for it, by way of a defence or set off in a suit against him.
In McKeon v. Caherty, (1 Hall, 300,) this court decided; under the revised laws of 1813, that assumpsit could not be maintained to recover back money staked on a wager, because the act gave a remedy by an action of debt, and there was no common law remedy to recover the money. The revised statutes make no change in the law in this respect, except that they are silent as to the form of the action. The case cited is therefore an authority in support of our conclusion that there was no indebtedness from the plaintiff to the defendant. There was merely a right to sue the plaintiff, in accordance with a strict statutory grant of relief, where no other remedy existed.
It is equally clear, aside from the language of the act, giving merely a suit, that this right was not a demand which could be set off. It was not a demand arising upon judgment, or upon contract express or implied ; (2 R. S. 354, sec. 18 ;) which is an essential requisite to authorize a set off.
Motion for new trial denied.
The motion for a new trial on the ground of surprise, and newly discovered evidence, is also denied.