May Term,
1856.

ELMER
v.
CRUM.

---

ELMER *v.* CRUM.

Under the statutes of 1843 and 1845, usurious interest paid on one or more of several notes cannot be pleaded as a set-off in a suit on the other notes.

Illegal interest so paid is not recoverable by action, but becomes the property of the payee.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This was assumpsit, commenced on the 9th of *July*, 1852, by *Elmer* against *Crum*, upon two promissory notes, each dated *July* the 16th, 1852; one for the payment of 600 dollars, at thirty-one months, and

Saturday,
June 7.

the other for 550 dollars, at 43 months. Pleas, 1. The general issue. 2. Payment. 3. Set-off. Issues were made on the second and third pleas.

The facts of this case are these: *Crum*, prior to the 15th of *February*, 1841, had become the security of one *A. G. Hannah*, upon a note for 2,000 dollars, payable to *Elmer*. At that date *Crum* lifted *Hannah's* note, and gave his own note for the payment of the 2,000 dollars, with ten per centum per annum interest. Before the 15th of *July*, 1842, *Crum* paid 20 dollars of the interest, and on that day gave his note to *Elmer* for the additional sum of 188 dollars and 33 and one-third cents, with interest at ten per centum, in payment of the first year's interest on the 2,000 dollars. Pursuant to an agreement made between *Elmer* and *Crum*, relative to the note of 1841, *Crum*, on the 16th of *July*, 1842, executed to *Elmer* four promissory notes, as follows: one note for 700 dollars, due *February* 15, 1843, embracing one-fourth of the original note of 2,000 dollars, and interest on 2,000 dollars from the 15th of *February*, 1842, until it was due; one note for 650 dollars, payable on the 15th of *February*, 1844, which included the one-fourth of said original sum and interest, on 1,500 dollars for one year; one note for 600 dollars, due *February* 15th, 1845, embracing another one-fourth of the 2,000 dollars, and interest on 1,000 dollars for one year after the 15th of *February*, 1844; and one note for 550 dollars, payable *February* 15th, 1846, which also embraced one-fourth of the above original amount, and interest on 500 dollars for one year. The notes for 188 dollars and 33 and one-third cents, 700 dollars, and 650 dollars, were fully paid and lifted before the institution of this suit; and upon the trial the defendant gave them in evidence in support of his defense. Those for 600 dollars, and 550 dollars, are the notes sued on. They are subject to the following credits: *June* the 26th, 1846, 149 dollars; *August* the 10th, 1847, 500 dollars; *April* the 1st, 1850, 47 dollars; *January* the 2d, 1851, 100 dollars.

The cause was submitted to the Court, who found for

the defendant. The plaintiff moved for a new trial, but his motion was overruled, and final judgment was given against him, &c.

The notes in suit, as well as those given in evidence in support of the defense, were, no doubt, all tainted with usury; because, when they were executed, the statutory rate of interest was only six per centum per annum. Acts of 1842, p. 91. And the evidence shows that each of them was intended to secure the payment of a rate of interest above that authorized by law. It appears that the Court, under the plea of set-off, allowed the several amounts of interest paid by the defendant on the three notes which he had lifted, and which he gave in evidence. This, it is contended, was erroneous. In the revision of 1843, chapter 31, section 29, it is provided that whenever, in any action brought, &c., it shall appear, &c., that a greater rate of interest has been directly or indirectly reserved, &c., than is allowed by law, the defendant shall recover his full costs, &c., and the plaintiff shall only recover judgment for the principal sum due him, without interest thereon; or, if he shall have taken or received such interest, or any part thereof, before the rendition of such judgment, the same shall be deducted from the principal sum, and judgment shall be rendered for the balance as above. Section 30, of the same chapter, provides that, "Any person who shall have paid a greater amount of interest than is allowed, &c., may recover against the person who may have taken the same, the whole amount of interest which he may have paid, if such action be brought within a year after the payment." Under section 29, above quoted, the defendant was entitled to a rebatement of the notes sued on, to an amount equal to the interest which they embraced; but, such rebatement being made, the credits on those notes would still not be a full payment of their principal sums. Hence, we are led to inquire whether it was competent for him to set off against these sums the amount of interest paid by him when he lifted the other notes. If the amounts thus paid were recoverable under section 30, to

which we have referred, they would be a legitimate set-off against the notes in suit; but there is an act of 1845 which provides, "That if any person has paid any interest unlawfully contracted for, &c., no action shall be maintained for the recovery thereof." Acts of 1845, p. 12. This provision is in direct conflict with the section just named, and decides the point under consideration. Each note must be held a distinct contract. The illegal interest paid on the notes lifted, became the property of *Elmer*, because it was not recoverable by action, and could not, therefore, be made the subject of set-off in the present suit. *Milburn* v. *Guyther*, 8 Gill, 91.—*Morrison* v. *Gliddon*, 7 Ind. R. 561. We think a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test* and *J. M. Wilson*, for the appellant.

