### William H. Craig and others v. William A. Butler.

Under our usury law, the borrower who has given an usurious contract has no remedy except that given by the statute; namely, a deduction from the contract of the amount payable by its terms over and above the principal and legal interest.

Where one who had borrowed considerable sums of money and paid usurious interest thereon, accounted with the lender, and gave him a note endorsed by the defendants for the balance of principal remaining unpaid, with legal interest, and the defendants subsequently took up this note, giving their own in payment therefor; it was held that the defendants were not entitled to a deduction from their note of the amount of usurious interest so paid.

*Heard October 11th. Decided November 14th.*

Error to Wayne Circuit. The facts are sufficiently stated in the opinion.

*C. I. Walker*, for plaintiffs in error:

Every subsequent security for a loan originally usurious, is itself usurious:—2 *Pars. on Cont.* 396, *and cases cited;* 3 *How.* 71; 20 *Johns.* 286; 1 *C. & P.* 396; 9 *Cow.* 650. And Craig & Brothers, as endorsers, could have availed themselves of the defense of usury:—20 *Me.* 28; 22 *Ala.*

CRAIG *v.* BUTLER.

262; 2 *Metc.* 8; 1 *Greenl.* 67. And they have the same defense in this action, these notes being given on account of their liability as endorsers.

*G. Andrews and S. T. Douglass,* for defendant in error:

It is only when the action is brought upon the *usurious contract,* that the deduction claimed by plaintiffs in error can be made. This action is brought upon a contract subsequent and distinct from that on which illegal interest was paid, and differing from it, in its agreements, its parties and its consideration.— 8 *Ind.* 25. Having been given in *payment* of the usurious debt, it is free from the taint of usury:—15 *Mass.* 99; 10 *Mass.* 121; 30 *Me.* 110; 3 *Ala.* 158.

Thus, the notes of the original debtor, given to take up his own usurious notes in the hands of an innocent holder, have been always held to be valid, though the notes taken up were void in the holder's hands:—8 *T. R.* 390; 2 *J.J. Marsh.* 222; 7 *Wend.* 258; 14 *Ala.* 186; 26 *Conn.* 396. So where the new security was given by a surety or endorser: — 15 *Mass.* 96. Or by a third person:—8 *N. H.* 276; 30 *Me.* 121; 9 *Mass.* 46; 5 *Conn.* 154; 4 *Esp.* 11.

Yet the note of a stranger, given in payment of a usurious debt, is just as much given "for or upon a usurious consideration or contract," as would be the note of the original debtor, given in payment of the same debt.

We insist that in no case can the court render judgment for a less amount than the principal and legal interest, whatever amount of usurious interest may have been actually paid.

CAMPBELL J. :

The defense below to an action on promissory notes given by plaintiffs in error, arose out of the following state of facts, substantially. The firm of Frost & Bradley

CRAIG v. BUTLER.

had, during the years 1855 and 1856, raised money by borrowing from Butler, upon their notes, endorsed by the Craigs for accomodation. The amount borrowed does not appear. In August, 1857, after deducting all payments upon the principal and making no allowance on account of illegal interest paid, there remained a balance of principal of $2,540, for which new notes were given by Frost & Bradley, endorsed by the Craigs, and upon which the case does not find any further usury to have been reserved or exacted. A further sum of fifty dollars was lent, also without usury so far as appears. In September, 1857, Frost & Bradley assigned to Craig & Brother property then supposed sufficient to pay all debts on which they were liable, for the purpose of paying them and returning any balance. March 15, 1858, Craig & Brother took up the notes for balance of principal, in the hands of Butler, and gave him in payment therefor, with lawful interest, their own notes divided into four equal sums, payable with interest at ten per cent., two of which were endorsed by Henry Weber, one of the plaintiffs in error, (who was not a party to the old paper) and are the notes now in suit. The others were made payable to Butler. During the various dealings with Butler, Frost & Bradley had paid him $593.72 more than interest at ten per cent, and $741.33 more than interest at seven per cent. These facts appear in the special verdict, upon which judgment was rendered for plaintiff below without deduction.

Our statute differs somewhat from any which has been cited; but it is in principle very much like our former law, so far as the mode of enforcing the usurious contract. is concerned, except that under that, as well as under the Massachusetts statute from which it was borrowed, the forfeiture, or rather the deduction, was threefold instead of single. Our present statute, after declaring that contracts on which usurious interest is reserved or taken shall not be void, provides that in any action brought by

any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been directly or indirectly reserved, taken or received, than is allowed by law, the plaintiff shall have judgment for the principal and legal interest only, exclusive of the usury. — 1 *Comp. L.* § 1314. It was decided in *Thurston v. Prentiss*, 1 *Mich.* 193, that usury not affecting the validity of the contract itself, the right to deduction is only to be enforced as a remedy in the way pointed out by statute.

In this the court recognized and followed the decisions of Massachusetts and other states, which hold that a note or other contract upon which usury is reserved, if made under such a law, will be enforced in full without any deduction, if sued in another state, whatever may be the usury laws of the latter; and that no remedy but the statutory one will be enforced by the home law. Thus, in *Wiley v. Yale*, 1 *Metc.* 553, the court refused to allow a party to recover back the excess by action on the case, although the statute allowed an action of debt to recover it. And in *Gale v. Eastman*, 7 *Metc.* 14, the courts in Massachusetts refused to allow the deduction of usury permitted by the laws of New Hampshire, on a note made there. The same principle is recognized and enforced in *McFadin v. Burns*, 5 *Gray*, 599; *Sherman v. Gasset*, 4 *Gilm.* 521; *Suffolk Bank v. Kidder*, 12 *Vt.* 464; *Watriss v. Pierce*, 32 *N. H.* 582; *Bevins v. Reed*, 2 *Sandf.* 436; *Elmer v. Crum*, 8 *Ind.* 25. Our present statute does not permit usury to be recovered back.

The remedy for the debtor is confined to having the excess deducted when suit is brought, and if such deduction should exceed the whole balance due on the face of the paper, he is not entitled to a judgment as in set off for the balance, but merely maintains his defense as in recoupment.

In the present case, the claim is that such a deduc-

tion should be allowed. The question then arises whether this action is such [as to authorize it.

The statute allows the deduction to be made only when an action is brought upon the usurious contract or assurance. Is this an action upon the usurious contract?

It is not claimed or found that any usurious interest was paid or agreed to be paid by Craig & Brother, or Weber, on these notes. And if usurious, they are made so by prior transactions.

The notes for the payment of which these were given, included only an amount of principal actually lent to Frost & Bradley. If these notes were usurious, they were made so because money paid for prior usury should have been credited on the principal. If the notes now in suit are usurious, it is because they were given in lieu of those just referred to.

Under the laws which rendered usurious contracts absolutely void, it was very generally held that the invalidity attached to every renewal or substitution of securities based in their origin on the same consideration; upon the principle that an illegality of consideration vitiated any agreement founded on it. Where valid securities of independent origin were given in lieu of the illegal paper, they continued valid and might be enforced.

But when laws were enacted, recognizing usurious contracts as valid, and only refusing the active aid of courts in enforcing the regular, or, as in this state, the excessive interest, these rules became of necessity partially inapplicable, at least.

In *Farmers' & Mechanics' Bank v. Kimmel*, 1 *Mich.* 84, it was held that no one could take advantage of usury in a mortgage, except the mortgagor himself; the defense being personal. In *Cook v. Dyer*, 3 *Ala.* 643, it was likewise held to be a personal defense which might be waived. And this would seem of necessity to follow

9 MICH.—C

upon the doctrine that the defense is confined to a specific remedy.

It was held in *Little v. White*, 8 *N. H.* 276, that an administrator who had given his note for a usurious debt of his intestate could not set up the usury. In *Thurston v. Prentiss*, above cited, a surety who had voluntarily paid usurious interest included in the debt on which he was surety, was allowed to recover it of his principal, although not permitted to collect of him usury paid on his own account for an extension procured for his own convenience.

These cases would seem to recognize the idea, that it is not impossible to create liabilities upon or growing out of an originally usurious contract, which shall not be subject to any deductions on account of the usury.

The cases upon substituted securities in many instances go very far in this direction.

The case of *Chadbourn v. Watts*, 10 *Mass.* 121, was decided while the old law was in force avoiding entirely usurious contracts; and its correctness was somewhat questioned by the reporter. It was never overruled however, and has been recognized in *Clark v. Phelps*, 6 *Met.* 296. In *Chadbourn v. Watts*, the defendant had given a promissory note, originally for $874,15, upon which he paid interest at usurious rates from time to time, making also payments of principal upon that and other account, until the sums remaining due on both were reduced to about the original principal of the first note. A new note was then given, and the old one cancelled. This being reduced by payments at lawful rates to $500, a third note for the latter sum was, given in place of it. This latter note was held good. *Clark v. Phelps* was a similar case under the latter statutes, and in this case a loan of $2500 was made, secured by note upon which usurious interest was paid, and a new note for the full original principal was given in its stead. The court held the new note might be collected free from any deduction for the usury paid on the former one.

CRAIG v. BUTLER.

The same principle was applied substantially in *Darling v. March*, 22 *Me.* 184, where a usurious note having been divided into separate notes, and one of these containing usury having been paid, it was held no deduction should be allowed from the others on account of the usury so received. In *Postlethwaite v. Garrett*, 3 *T. B. Monr.* 346, and in *Fowler v. Garrett*, 3 *J. J. Marsh.* 682, the same principle was carried still further. *Pierce v. Conant*, 25 *Me.* 33, involves similar considerations.

It is unnecessary for us to decide how far these views should be followed where there is no change of parties, or how far a surety may claim exemption where the substituted paper does not cancel the original liability, but is a mere renewal of it. We have referred to these cases for the purpose rather of showing that usury and its consequences must attend the same contract, whether substitution may or may not destroy its identity. It is very clear that such identity can not depend merely upon the consideration of the contract sued upon.

The usury in the case before us was exacted of Frost & Bradley. Craig & Brother did not see fit to claim their defense upon the paper originally endorsed by them, but took it up and gave new paper, to which Frost & Bradley are not parties. We think the new paper can not be regarded in any sense as the usurious contract or assurance contemplated by the statute, inasmuch as the claim against the debtor who made the usurious payments no longer exists. For this reason the judgment must be affirmed.

The other Justices concurred.