## The Collins Iron Company v. Elzey G. Burkam.

The validity of a contract made in another State and payable there, will be determined by the law of that State.

And where such a contract is usurious, but the law of that State does not avoid it on that ground, but only affects the remedy upon it, the courts of this State can enforce the contract, but· by no other remedies than those afforded by our own law.

The provisions of the Ohio statutes which provide for the recovery or appropriation of usury paid upon a contract, form no part of the contract, but relate solely to the remedy which will be afforded by the courts of that State to the party from whom usury is taken.

Where on a settlement of certain bills of exchange, an amount is included in a new bill given for the balance, as statutory damages for the dishonor of the bills settled, and the statute allows no such damages, the ;new bill is to that extent without consideration.

*Heard November 21st, 1861. Decided June 3d.*

Error to Wayne Circuit.

This was an action of assumpsit, brought by the defendant in error against the plaintiffs in error as the acceptors of a bill of exchange, drawn by C. A. Trowbridge, upon them, for $1,304,22, dated Cincinnati, April 12th, 1858, and payable at the office of E. G. Burkam & Co., at six months, with ten per cent interest.

The defendants below pleaded the general issue, and gave notice of a set off, and also that the bill declared on was given in settlement of a series of money transactions between them and Burkam, during which they had paid to him the sum of $717.54 for interest beyond the rate allowed by the laws of Ohio, where the transactions took place;_ that the transactions were usurious to that

extent; and that by the laws of Ohio they were entitled to have the interest, so illegally taken, applied in reduction of the principal.

The issue was tried by a jury, and the evidence disclosed the following facts:

In April, 1857, The Collins Iron Company sold to the firm of Shreeve, Steele & Co., of Cincinnati, Ohio, a quantity of iron. The sale was made upon the suggestion and recommendation of Burkam, who stated that they were good, and he would cash their paper for from five to fifteen thousand dollars. The Collins Company accordingly made the sale of iron, and drew four drafts upon Shreeve, Steele & Co., amounting in all to $10,679.13. The first one was dated and drawn in Detroit, the other three were drawn in Cincinnati. They were all payable in Cincinnati. They were all endorsed by C. A. Trowbridge, and discounted by Burkam for the Collins Co., and the proceeds paid deducting interest at the rate of one per cent. per month. Shreeve, Steele & Co. failed to pay their acceptances at maturity, and they were all protested, and the drawers and endorsers notified.

In April, 1858, Trowbridge, as the treasurer and managing officer of the Collins Co., went to Cincinnati to endeavor to adjust the matters between his company, Shreeve, Steele & Co., and Burkam. An arrangement was made that Shreeve, Steele & Co. should turn out iron at the market rates for the amount of their acceptances. This iron the Collins Co. were to take, and make such further deductions in price as would secure a prompt sale, and sell it to parties whose paper would be satisfactory to Burkam, and to such persons only. In accordance with this arrangement the iron was sold to sundry persons, and the notes received therefor were indorsed by the Collins Co. and Trowbridge, and delivered to Burkam. He refused to take them without such indorsement.

Burkam also claimed that he was entitled to the sum

of $245.34 for statutory damages, accruing to him by reason of the protest of the four acceptances of Shreeve, Steele & Co., alleging that they were foreign bills of exchange. This Trowbridge, acting for the Collins Co., denied, asserting that they were domestic paper, but he finally reluctantly assented to the inserting of that item in the settlement.

On the 12th of April 1858, a settlement was made thus: The amount of the four acceptances of Shreeve, Steele & Co., was assumed as the principal as of the date when the several acceptances became due. To this were added protest fees charged on each; interest at 6 per cent. per annum to April 5th, and at 10 per cent. to April 12th, 1858; damages claimed as statutory damages under the laws of Ohio, at $245.34. The Collins Co. then paid in cash $490.80. The notes taken for the iron received from Shreeve, Steele & Co., were credited for their amounts respectively, less one per cent per month for the time they had to run; which left a balance of $1304.22, for which the draft was given on which this suit was brought.

The following sections from the Statutes of Ohio were offered by the defendant below, and read in evidence on the trial.

"Be it enacted, &c., That all creditors shall be entitled to receive interest on all money, after the same shall become due, either on bond, bill, promissory note," &c. "at the rate of six per centum per annum, and no more."

"Be it enacted, &c., That in all actions for the recovery of money, hereafter prosecuted in the courts of this State, all payments of money or property made by way of usurious interest, whether made in advance or not, shall be deemed and taken, as to the excess of interest above the rate allowed by law at the time of making the contract, to be payments made on account of the principal; and the said court shall render judgment for no more than the balance found due after deducting the excess of

interest so paid; nor shall any debtor be deemed a particeps criminis on account of having paid, or having agreed to pay, such exorbitant interest, but shall have like remedy and relief in either case."

" Be it enacted, &c., That when any bill of exchange shall be drawn for the payment of any sum of money, and such bill shall be legally protested for non-acceptance or non-payment, the drawer or drawers, indorser or indorsers, shall be subject to the payment of twelve per cent. damages thereon, if drawn on any person or persons, or body corporate, without the jurisdiction of. the United States; and six per centum damages thereon, if drawn on any person or persons, or body corporate, within the jurisdiction of the United States, and without the jurisdiction of this State: and the bills shall, in all cases, bear an interest of six per centum, from the date of the protest, until the money, therein drawn for, shall be fully satisfied and paid."

The counsel for the defendant below requested the Court to charge the jury—

1. That if they should find that the first transaction was a loan from the plaintiff to the Collins Iron Company, on which a greater amount of interest was taken than was allowed by the laws of Ohio, then the excess of interest (over the legal rate) must be credited to the defendants in this suit.

2. That, if the suit were now upon the original acceptances of Shreeve, Steele & Co., and brought by the plaintiff as endorsee against the defendant, The Collins Iron Co., as drawer or endorser, he could not recover beyond the amount advanced by him and legal interest thereon.

3. That if the plaintiff required an endorser in addition to the endorsement necessary to transfer the Shreeve, Steele & Co. acceptances to him, as a condition of discounting them, that is evidence tending to show that the transaction was understood by the parties to be a loan by the plaintiff to the Collins Iron Co., and not a purchase by the plaintiff.

4. That if the jury find that at any time there was a debt due to the plaintiff by the defendants, then from that time, it was illegal under the laws of Ohio to take interest at a rate exceeding six per cent, unless a written agreement was made to pay a higher sum, and any such excess is to be credited to the defendants in this suit.

5. That the plaintiff was not entitled to any damages on the protest of the Shreeve, Steele & Co. acceptances, beyond legal interest.

6. That the defendants in this suit are entitled to a credit for the full amount of the notes, called the iron notes, less interest at the rate of six per cent. per annum for the time they had to run at the time they were taken by the plaintiff.

But the Court refused so to charge; and charged the jury that the laws of Ohio, proved by the defendants, making it usurious to take over six per cent. interest, do not apply to an action in this State, upon such a contract made in that State, and therefore not to the contracts in question; to which refusal to charge, and to the charge as given, the defendants excepted.

The jury found a verdict for the plaintiff, and assessed his damages at $945.78—certain payments being credited— and judgment was entered thereon.

*H. K. Clarke*, for plaintiffs in error:

1. The discharge of or defense against a contract in the place where it was made, or to be performed, is the same everywhere: — 4 *Cow.* 514, *and cases there collected; Story Confl. Laws*, § 267 *a; 2 Pars. Cont.* 90; 1 *B. & P.* 138; 1 *Bing. N. C.* 151; 1 *Martin, N. S.* 202; 1 *Met.* 82; 12 *Pet.* 65; 6 *Ohio S. R.* 19; 7 *Ibid.* 387. The only question is, was it valid or invalid in the place where made? As it would be held there, so it will be everywhere: — 2 *Mich.* 241.

Whether the original transaction between the Collins

Co. and Burkam was a loan, or a sale of commercial paper, was a question for a jury. If a loan, clearly under the law of Ohio we are entitled to have the excessive interest credited. The requirement of an endorsement is a very significant fact tending to show the understanding of the parties that the transaction was a loan and not a sale:— 2 *Pars. Cont.* 424–8.

2. It is entirely immaterial in what manner or form, or under what pretence, unlawful interest is taken. The charge of $245 for statutory damages was only another device for securing excessive interest — and so the jury might have found if the Court had charged as we requested:— 4 *Hill*, 224.

3. The endorsement of a note, on its transfer, so as to constitute the relation of debtor and creditor between the transferror and transferree, is a new contract between the endorser and endorsee:— 12 *Wend.* 439. And the measure of damages on such contract is the amount received under it, with interest:— 7 *Wend.* 569. The consideration may or may not be the same as that expressed in the note. If less, then by so much the less is the debt to the holder of the note, on which he would, under the laws of Ohio, be entitled to interest at six per cent. *and no more.*

*A. Russell,* for defendant in error:

Admitting, for the purpose of the argument, that the bill of exchange sued on is an Ohio contract, and is usurious; we say that the statutes of Ohio, given in evidence by the defendant below, affect the *remedy* merely, and not the contract itself, and that a recovery against the acceptor, without any deduction for usury, in any jurisdiction other than that of Ohio, must be sustained.

The very phraseology of the Ohio act limits its operation to the courts of that State. See 14 *Johns.* 377; 7 *Metc.* 14; 4 *Gray*, 599; 12 *Vt.* 464; 32 *N. H.* 582; *Sherman v. Gassett*, 4 *Gilm.* 521; *Story Confl. Laws* § 619; 2 *Kent*, 462.

These decisions are. directly in point, and proceed upon the ground that the courts of one State will not enforce the penal laws of another State, or be guided by its statutes regulating forms of procedure.

By the *lex loci*, that of Ohio, usury does not vitiate the contract. The contract then being legal, the *lex fori*, that of Michigan, will enforce it.

These views, and the above cases, were substantially approved by this Court in the recent case of *Craig v. Butler*, 9 *Mich.* 21.

MARTIN CH. J.:

There was no error in the refusal of the Circuit Judge to charge as requested concerning the first transaction and its effect; nor in the charge as given. The bill of exchange was executed under the law of Ohio, and was payable in that State; and its validity will be determined by the law of that State. As usury does not avoid a contract there, but only affects the remedy, we can enforce the contract, but by no other remedies than those furnished by our own statute. Those provisions of the Ohio statute which provide for the recovery or appropriation of usury paid upon a contract, form no part of the contract, but relate solely to the remedy which will be afforded by her courts to the party from whom usury is taken. Under our law, even, the first transactions would be satisfied by the subsequent ones, and the usury which was part of the first, if not contained in the last as an integral part, would afford no ground for partial defense to an action upon the last contract, either by way of payment, or of reduction or limitation of the amount for which judgment may be rendered. See *Thurston v. Prentiss*, 1 *Mich* 193; *Engle v. Shurtz, Ibid.* 150; *Craig v. Butler*, 9 *Mich.* 21; *Smith v. Stoddard*, [*ante, p.* 148].

But we think the Circuit Judge should have instructed the jury that the plaintiff was not entitled to recover the

THE COLLINS IRON CO. *v.* BURKAM.

$245.34 which was included in the bill, and claimed as and for statutory damages. It appears that the statute of Ohio allows damages at the rate of six per cent on all protested paper drawn on any person, &c., within the jurisdiction of the United States, and without that of Ohio; and if the Courts of that State would give such damages in an action upon the demand, it was competent for the parties in settling, to include it in the new instrument or obligation given. But the plaintiff had no right to demand damages upon paper drawn upon individuals within the State; and while we think such excess was not usury, or required as such, we think it was without consideration, and should have been deducted.

For this reason the judgment is reversed, and a new trial granted.

MANNING and CAMPBELL JJ. concurred.

CHRISTIANCY J. was absent when the case was decided.