## GERLAUGH VS. BASSETT and others.

*Usury—Purging usurious contract.*

1. Where a note which, under ch. 55, Laws of 1856, was valid to secure the principal sum loaned, was cancelled in 1859, after the payment of usurious interest thereon, and a new note substituted for such principal sum, bearing lawful interest, the second note was not tainted with the usury, but was valid notwithstanding ch. 160, Laws of 1859.
2. *Rock Co. Bank v. Wooliscroft*, 16 Wis., 22, explained and distinguished.

APPEAL from the Circuit Court for *Juneau* County.

The plaintiff declared on a note executed by defendants, *Bassett, English, John W. Powell* and *Nathaniel J. Powell,* November 15, 1859, payable one year from date with interest at twelve per cent., it being alleged that there was due and unpaid thereon the principal sum with interest from January 5th, 1863. The defense was usury, and the answer avers that on or about the 15th of November, 1858, the plaintiff lent to *Bassett* three thousand dollars for one year, and *Bassett* promised him orally to pay interest thereon at the rate of *fifteen* per cent., and gave him a note, executed by *Bassett* as principal and the other defendants as sureties, for $3,000 with interest at twelve per cent., payable in one year, the plaintiff taking *Bassett's* oral promise for the additional interest of *three* per cent. ; that about the time said note became due, *Bassett* applied to the plaintiff for further time, and was informed by the plaintiff that if he would pay the interest named on the face of said note, and also the additional three per cent. as agreed, plaintiff would give further time of payment for one year from the maturity of said note ; that *Bassett* agreed to this proposition, and in pursuance of such agreement paid the plaintiff $450, and gave him the note of November 15, 1859, described in the complaint, and the old note was then " surrendered and cancelled and absolutely discharged ;" that the note so surrendered, and the oral agreement between *Bassett* and the plaintiff for the payment of usurious interest, were the only consideration

for the note described in the complaint.    The answer therefore demands that said note, and that of 1858, and the original contract of loan, be declared void; or otherwise, that the $90 of usurious interest, and the $360 of interest, paid as aforesaid, be set off against the principal of said loan.    The plaintiff replied, alleging, in substance, that the payment of $450 was made prior to the maturity of the note of November 15, 1858, prior to the execution of the note of 1859, mentioned in the complaint, and prior to any agreement in regard thereto; and that afterwards, to wit, on or about November 15, 1859, the plaintiff applied to *Bassett* to have the note of 1858 given up, and a new note given for the real sum then due, to wit, the money originally loaned, which should bear a lawful rate of interest, and run one year; that the plaintiff did this "for the purpose of putting an end to the original usurious contract;" and that thereupon, solely in consideration of the money so loaned, the note mentioned in the complaint was executed.

The plaintiff afterwards filed an amended complaint, in which for a second cause of action, he declared on the note of November 15, 1858.    For a third cause of action, he alleged that on the 15th of November, 1859, at &c., the defendants "were indebted to him in the sum of $3,000 lawful money of the United States, for so much money by the said plaintiff to the defendant *Patrick A. Bassett* before then lent and advanced, upon the special request" &c.

The defendants answered alleging the following facts : That about the first of December, 1857, the plaintiff agreed to loan to *Bassett* $475 for six months, upon condition that *Bassett* should give him his note with one or more sureties for $500, at six months, with interest at twelve per cent.; that *Bassett* thereupon executed to plaintiff such a note, with the defendants *English* and *John W. Powell* as sureties, and received said sum of $475; that about May 1, 1858 (when said note matured), *Bassett* paid the plaintiff on said loan $300; that plaintiff let the note run as to the remainder until November 15, 1858, when

the whole amount unpaid on said note, including interest as aforesaid, was reckoned up and amounted to about $229, and this amount, together with money sufficient to make the amount of $3000, "was loaned by the plaintiff to the defendant *Bassett*," for which the note of November 15, 1858, above described, was executed. Then follow allegations as to said note and that of 1859, similar to those of the first answer as above stated. It is then further alleged that the defendant *Nathaniel J. Powell* did not sign and was not surety or in any way interested in the $500 note, or the consideration moving therefor, and had no notice of the same until long after the giving of the last $3000 note; that he had no notice, did not know and was not informed at the time of the giving of said $3,000 notes, that any of the alleged usurious agreements had been made between the plaintiff and *Bassett*, nor that any part of the consideration of either of the notes signed by him was for the prior indebtedness of said *Bassett* or either of the other defendants; that at the time he signed the first $3000 note, he supposed and believed that the plaintiff loaned the sum of $3000 to *Bassett* for the rate of interest specified in the note, and had he known the facts would not have signed the note. The answer further insists that the other sureties also were discharged from liability by reason of the usurious agreements between the plaintiff and *Bassett*, which are claimed to have been a fraud upon them.

There was a reply, which denied any usury in the $500 note, and also denied that any part of the consideration of the first $3,000 note was for usury and for interest, but alleged that $200 of the same was principal due on the $500 previously loaned, and the remainder money newly advanced at the making of said first $3000 note.

On the trial there was voluminous evidence as to the issues thus raised, which will not be stated here. The court instructed the jury as follows:

" 1. The burden of proof of usury in the note sued upon, is

with the defendants, and to establish that fact requires a preponderance of evidence.    2. If the note of November, 1859, was given wholly for the principal sum loaned, it is not usurious on account of any usury there might have been in the note of 1858, provided such usury was paid and agreed to be paid solely and entirely for the forbearance of the loan of 1858, and was not made a condition of or an inducement to the giving of the note sued upon.    3.    If said last note is not usurious, the plaintiff is entitled to recover the full amount of the sum expressed therein, together with interest thereon at twelve per cent. per annum, less such sums as may have been paid by defendants, or either of them, as usury, [with interest] on such usurious payments.    4th.    In computing the amount to be set off by the defendants against the claim of the plaintiff, you can only allow so much of the interest paid as was usurious, and interest on such usurious excess of interest from the time it was paid down to the present time.    Payments of interest up to the legal rate, paid and received by the parties as interest, cannot be recovered back or applied in payment of the principal.    5th.    If the note sued upon is void, because of usury, then the plaintiff will be entitled to recover of the defendants the principal sum loaned, expressed in the note of November 15, 1858, less such sums as have been paid thereon as interest over and above the legal rate of 12 per cent., and interest on such excess.    6th.    If there was usury in the note for $500, in this, that but $475 was in fact loaned, or in the first $3000 note, and if the amount of such usury had not been deducted from the principal but entered into and formed a part of the last note, then the last note is usurious, and the plaintiff cannot recover thereon.    7th.    The fact that the sureties were not aware of the usurious agreement between *Bassett* and plaintiff, will not discharge them from the notes they did sign; neither will the fact that an antecedent debt entered into and formed a part of the consideration of the first $3000 note without the knowledge of the sureties, discharge them from liabil-

ity on the note. 8th. When usury enters into the consideration of a contract in its inception, no renewal of it would have the effect to remove the taint, so long as it can be traced into the substituted security."

Verdict for the plaintiff for $3000 ; motion for a new trial overruled; and judgment on the verdict; from which the defendants appealed.

*Prentiss & Taylor* (with whom was *S. U. Pinney*, of counsel,) for appellants, argued that the jury must have found that both notes were usurious, as the recovery was only for the principal sum loaned, under sec. 1, ch. 55, Laws of 1856. Had the verdict been on the second $3000 note, it would have been for over $4000. 2. The fact that usurious interest was agreed to be paid upon the first $3000 note, and the fact that it included a pre-existing debt for about $200, were both withheld from the sureties, not only by *Bassett* but by the plaintiff. The plaintiff's offering to receive and actually receiving the note for $3000, drawing interest at the highest rate allowed by law, must be held to be a direct assertion to the sureties that he was advancing $3000 to *Bassett*. By reason of the fraud thus practised upon them, the sueties never became liable on that note. It is like the case of procuring sureties to sign an obligation, and the party receiving it with the understanding that a considerable portion of the amount therein expressed shall never come to the hands of the borrower. 1 Story's Eq. Jur., 334; *King v. Baldwin*, 2 Johns. Ch., 524 ; 17 Johns, 384 ; *Nisbet v. Smith*, 2 Bro. Ch., 579 ; *Pidcock v. Bishop*, 3 Barn. & Cr., 605 ; *Jackson v. Duchaire*, 3 Term, 550 ; Theobald on Principal and Surety, 99 ; Chitty on Bills, § 86 ; *Franklin Bank v. Cooper*, 36 Maine, 179 ; *Hamilton v. Watson*, 12 Clark & Finn., 109 ; *Smith v. Bank of Scotland*, 1 Dow, 292. 2. The transaction in 1859, in which the second note was given, released the sureties from all obligation on the note of 1858. It is no answer to say that the note of 1859 was void for usury. It was void only as to the defendants, and valid against the plaintiff.

*Riley v. Gregg*, 16 Wis., 666 ; *La Farge v. Herter*, 5 Seld., 241; *Draper v. Trescott*, 29 Barb., 401 ; *Sands v. Church*, 2 Seld., 347 ; *Dix v. Van Wyck*, 2 Hill, 522 ; *Wheaton v. Hibbard*, 20 Johns., 293 ; 1 Story's Eq. Jur., § 302 ; *Schroeppel v. Corning*, 5 Denio, 236, 241. After receiving it, and before any of its signers had repudiated it, the plaintiff could not have maintained an action on the old note against *Bassett*. His legal remedies were suspended, and though as to *Bassett* they may revive when the makers avoid the new note for usury, yet by such temporary suspension the sureties are discharged. *Kenningham v. Bedford*, 1 B. Mon., 325 ; *Austin v. Dorwin*, 21 Vt., 38 ; *Turrill v. Boynton*, 23 id., 142 ; *Miller v. McCan*, 7 Paige, 451 ; *Wheat v. Kendall*, 6 N. H., 504 ; *Miller v. Kerr*, 1 Bailey (S. C.), 4 ; *King v. Baldwin, supra*. 3. It being clear that the jury found for the plaintiff under the law of 1856, even conceding that a recovery could be had against the sureties, the verdict should have been set aside for their failure to deduct the $90 admitted to have been paid as usury, with interest thereon to the time of trial.

*C. C. Remington*, for respondent :

" Where all the usurious interest payable on a contract has been paid, a new note given for the balance, consisting only of the principal and legal interest, is valid." 2 Parsons on B. & N., 420 ; *Postlethwait v. Garrett*, 3 Mon., 345 ; *Fowler v. Garret*, 3 J. J. Marsh., 681. In *Clark v. Phelps*, 6 Met., 296, under a statute forfeiting three times the interest taken in case of usury, it was held that a note given for the original sum loaned, in renewal of a note on which usury had been taken, was not usurious nor liable to the deduction. Se also *Craig v. Butler*, 9 Mich., 21 ; *Smith v. Stoddard*, 10 id., 149 ; *Dunbar v. Wood*, 6 Vt., 653. 2. If the note of 1859 was void for usury, there was an obligation existing against all the appellants on the note of 1858. This could not be discharged by giving a void note. *Ramsdell v. Soule*, 12 Pick., 126 ; *Meshke v. Van Doren*, 16 Wis., 319 ; *Lee v. Peckham*, 17 id., 383. 3. To the point

that the sureties were not discharged by the facts that the note of 1858 was in part for a pre-existing debt, and that it was usurious (the signatures of the sureties having been obtained by the borrower in the absence of the lender), counsel cited *North British Ins. Co. v. Lloyd*, 10 Excheq., 523; *Pidcock v. Bishop*, 3 Barn. & Cress., 605; *Richmond v. Standclift*, 14 Vt., 258; *Graves v. Tucker*, 10 Sm. & M., 9.

COLE, J. It appears to us that the jury must have found, under the charge of the court, that the note of November 15th, 1859, was not usurious. This is the most rational and satisfactory construction to be given to the verdict, and the only one which will sustain it to the full extent. For if the jury had been satisfied from the evidence that the note of November 15th, 1859, was usurious, then it was admitted in the plaintiff's pleadings that there must be a deduction from the principal sum loaned, of at least $90. And the court instructed the jury that if they believed from the evidence that the note of November, 1859, was usurious, then the plaintiff could only recover the principal sum loaned as expressed in the note of November, 1858, less such sums as had been paid thereon as interest over and above the rate the parties were permitted by law to contract for, together with interest on such excess. The recovery was for $3000—too large an amount unless the jury arrived at the result that the note of November, 1859, was not affected with usury. In respect to this note, the court told the jury that if they found that it was given wholly for the principal sum loaned, then it was not usurious on account of any usury there might have been in the note of November, 1858, providing such usury was paid and agreed to be paid solely and entirely for the forbearance of the loan of 1858, and was not made a condition of or an inducement to the giving of the note sued upon. Further, that if they found there was usury in the note for $500 (in this, that in fact only $475 was ad-

vanced upon it), or in the first $3000 note, and that the amount of such usury had not been deducted from the principal, but entered into and formed a part of the last note, then the last note was usurious, and no recovery could be had upon it. And again the jury were instructed that when usury enters into the consideration of a contract in its inception, no renewal of it would have the effect to remove the taint, so long as it could be traced into the substituted security.

It was claimed by the defendants, and evidence was introduced tending to establish the defense, that the several contracts or loans mentioned in the pleadings were usurious, and that the note of November 15th, 1859, was void for that reason. The plaintiff, on the contrary, while admitting that the note of 1858 was usurious, alleged that this note was surrendered up and a new note given for the real sum then due, namely, the money originally loaned, and that this was done for the purpose of putting an end to the original usurious contract. That it was perfectly competent for the parties to the transaction to reform the contract, expunging from it all usurious taint, and arrange a new contract concerning the sum loaned, which should be legal and binding, is a proposition well settled by the authorities. *Barnes v. Hedly*, 2 Taunt., 184; *Wright v. Wheeler*, 1 Campb., 165, note; *De Wolf v. Johnson*, 10 Wheat., 367; *Hammond v. Hopping*, 13 Wend., 505; *Miller v. Hull*, 4 Denio, 104. The note of November 15th, 1858, was not wholly void, but by chap. 55, Laws of 1856, was "valid and effectual to secure the repayment of the principal sum loaned;" and if that note was given up and cancelled in order to get rid of the usury, and the note of November 15th, 1859, was given for the original debt, it is legal and binding. See the cases of *Dunbar v. Wood*, 6 Vt., 653; *Postlethwait v. Garrett*, 3 Monroe, 345; *Fowler v. Garret*, 3 J. J. Marsh., 681; *Craig v. Butler*, 9 Mich., 21; *Smith v. Stoddard*, 10 id., 148; *Clark v. Phelps*, 6 Met., 296; which abundantly sustain this doctrine. It was suggested that the case of *Rock County Bank*

*v. Wooliscroft*, 16 Wis., 22, was in conflict with this view of the law ; but this is a misapprehension of the facts of that case. In *Rock Co. Bank v. Wooliscroft*, which was tried by the court, a jury being waived, the judge found as a matter of fact, that the usury which had entered into the previous contract of August 6th, 1857, was carried forward and introduced into the note sued upon; and as the bill of exceptions did not purport to contain all the evidence offered on the trial, we adopted this finding as conclusive upon the facts. And if usury entered into the note of March 21st, 1860, the contract sued upon, there can be no question but it was void. So this case, when fully understood, it will be seen, does not decide that where parties to an usurious contract exclude the usury, and make a new contract for the payment of the sum actually loaned, such latter agreement is not binding because not founded upon a legal consideration. There was evidence in the case at bar from which the jury might have found that the usurious contract had been reformed by the parties cancelling the usurious note of 1858, and by giving the note of November 15, 1859, for the principal sum loaned, excluding all usury. And considering the various instructions of the court upon the point, and the amount of the verdict rendered, we think it must be assumed that the jury took this view of the evidence. Had the jury believed that the extension of the time of payment, or the giving of the second note, was upon the condition that the usury contracted for by the previous note should be paid, they must have rendered a different verdict. The instructions of the court are clear and specific upon the point that such a condition would render the contract sued upon usurious and void.

It is said, if the jury really believed that the note of November 15th, 1859, was not usurious, they should have given a verdict for a much larger sum than $3000. It is very probable that the jury gave too small a verdict, but this is an error of which the defendants cannot complain.

It results from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—The judgment is affirmed.